# W. B. JORDAN and Another v. NORTHWESTERN ELECTRIC EQUIPMENT COMPANY and Others.[1]

February 9, 1912.

Nos. 17,393—(220).

Action in the district court for Ramsey county to compel delivery of certain account books. The case was tried before Hallam, J., who made findings and as conclusion of law found that defendant Northwestern Electric Equipment Company of New Jersey was the owner of the legal title to the books of account and entitled to possession thereof; that plaintiffs were entitled to full and free access to all of the books of account and to their proper use whenever and wherever the same might be required by them in any action. From an order denying plaintiffs' motion for a new trial, they appealed. Affirmed without statutory costs.

*C. D. & R. D. O'Brien*, for appellants.

*How, Butler & Mitchell*, for respondent.

PER CURIAM.

The respondent the Northwestern Electric Equipment Company of New Jersey is the successor in interest of the Northwestern Electric Equipment Company of Minnesota, by virtue of a bill of sale made to it by the appellants of all of the property, business, and good will of such corporation, reserving therefrom "all accounts and bills receivable, notes, bills of exchange, and other evidences of indebtedness."

This action was brought to compel a delivery of the account books of the corporation to the appellants. The trial court made findings of fact and conclusions of law in favor of the respondent the Northwestern Electric Equipment Company of New Jersey, and to the effect that it was the owner of the legal title of the books and entitled to the possession thereof, but that the appellants were entitled

[1] Reported in 134 N. W. 1134.

to free access to them at all reasonable times, and to their use or contents as evidence whenever required. The appellants appealed from an order denying their motion for a new trial.

This appeal, by reason of the illness of one of the Justices, was heard by four members of the court, who are equally divided in opinion. Therefore, being of the opinion that the importance of the case does not justify its continuance and a reargument, the result is that the order appealed from is affirmed, without statutory costs.

Philip E. Brown, J., being absent on account of illness, took no part.